UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MATTHEW CHARLES MITCHELL,

    Plaintiff,

v.

DAVID TILLETT, et al.,

    Defendants.

Case No. 15-cv-04044-VC

**ORDER IN ADVANCE OF THE HEARING ON THE MOTION TO DISMISS**

    The motion for sanctions is denied. There is a substantial possibility that the arbitration agreement at issue here is not subject to the Federal Arbitration Act, because it arises out of a contract for Mitchell's employment as a seaman. *See* 9 U.S.C. § 1. Mitchell's position is, at the very least, non-frivolous.

    At the hearing, the parties should be prepared to discuss the following issues:

1. What entity or entities were Mitchell's employer(s)? What entity or entities were responsible for organizing and managing the 34th America's Cup? What is the relationship between the Golden Gate Yacht Club and Oracle Racing/Oracle Team USA?

2. Does the FAA's provision that "nothing herein contained shall apply to contracts of employment of seamen," 9 U.S.C. § 1, prevent a seaman and his employer(s) from opting into the FAA as a matter of contract? If not, did Mitchell opt into the FAA as a matter of contract?

3. If the FAA does not apply here, what law governs? Section 29 of Mitchell's employment contract with Oracle Racing provides that "this Agreement shall in

all respects be governed by the laws of the state of California."  To the extent that the arbitration agreement at issue here arises out of Mitchell's contract for employment as a seaman (rendering the FAA inapplicable), does this choice-of-law provision mean that the California Arbitration Act applies?  *See* Cal. Civ. P. Code §§ 1280-1294.2.  If the choice-of-law provision in Mitchell's employment contract does not apply here, do federal choice-of-law principles independently establish that California law – including, in particular, the California Arbitration Act – applies?  *See Valdes v. Swift Transp. Co.*, 292 F. Supp. 2d 524, 528 (S.D.N.Y. 2003).

4. If the California Arbitration Act applies here, would the facts of this case support tolling or otherwise extending the CAA's 100-day limitations period for filing a petition to vacate?  *See Eternity Investments, Inc. v. Brown*, 60 Cal. Rptr. 3d 134, 139 (Ct. App. 2007).  Alternatively, if the FAA applies here, would the facts of this case support equitably tolling the FAA's statute of limitations?  *Cf. Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013), *aff'd and remanded sub nom. United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015).  Can these questions be resolved on a motion to dismiss?  *See Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013); *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995).

**IT IS SO ORDERED.**

Dated: June 1, 2016

_____
VINCE CHHABRIA
United States District Judge